**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **TRISTAN WELLWOOD** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CASE NO.**_____ |
| **UNIVERSAL PROTECTION SERVICE** | ) | |
| **L.P. D/B/A ALLIED UNIVERSAL** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**NOTICE OF REMOVAL TO FEDERAL COURT
BASED ON DIVERSITY OF CITIZENSHIP JURISDICTION**

Consistent with 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Universal Protection Service, LP d/b/a Allied Universal ("Allied Universal") has removed this action, currently pending in the District Court, 131st Judicial District, Bexar County, Case No. 2024-CI-01911, to the United States District Court for the Western District of Texas, San Antonio Division. As grounds for removal Allied Universal states as follows:

## I.    JURISDICTION AND VENUE

1.      When a plaintiff files suit in state court that invokes the original jurisdiction of the federal court, a defendant may remove the action to federal court under 28 U.S.C. § 1441(a).

2.      Removal of this action is proper under 28 U.S.C. §§ 1332(a) and 1441(a) because complete diversity of citizenship exists between the parties and the amount in controversy well exceeds $75,000, exclusive of interests and costs.

3.      Venue is proper in this Court consistent with 28 U.S.C. §§ 124, 1391, and 1446.

1

## II.   STATE COURT ACTION

4.   On December 18, 2023, Plaintiff filed a Complaint against Allied Universal in the Bexar County District Court of Texas in connection with his Allied Universal employment.

5.   On February 6, 2024, Allied Universal was served with Plaintiff's Complaint and Summons (the "State Court Action").

6.   In accordance with 28 U.S.C. § 1446(a), a true and accurate copy of all process, pleadings, and orders from the State Court Action are attached as **Exhibit A**.

## III.   REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP.

### A.   Plaintiff and Allied Universal are Not Citizens of the Same State.

7.   To remove based on diversity, Allied Universal need only plausibly allege the requirements for federal jurisdiction via "a short and plain statement of the grounds for removal" and evidentiary submissions are not required. 28 U.S.C. § 1446(a).

8.   Plaintiff asserts that he is a citizen of the State of Texas. He further alleges that he worked for Allied Universal and the factual allegations supporting his Complaint took place in Texas. **Ex. A**, **¶¶ 3, 6-14**.

9.   For the purposes of diversity jurisdiction, the citizenship of a limited partnership, like Allied Universal, is determined by the citizenship of all of its members. *Tewari De-Ox Sys. Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014).

10.   Allied Universal is a single-member limited partnership, which is wholly owned by a corporation, USA Intermediate, Inc. **Exhibit B, Declaration of Kimberly-Ardo Eisenbeis, ¶ 3.**

11.   Citizenship of a corporation is determined by the state where it is incorporated, and the state of its principal place of business. *Mason Sales, LLC v. Talent Creation, Ltd.*, No. SA-23-CV-00204-XR, 2023 WL 8654410, at *2 (W.D. Tex., Aug. 9, 2023).

12.     USA Intermediate, Inc. is incorporated in the State of Delaware with its principal place of business in Conshohocken, Pennsylvania. Accordingly, Allied Universal is a citizen of Delaware and Pennsylvania. **Ex. B**, **¶ 3.**

13.     Because Plaintiff is a citizen of Texas, and Allied Universal is a citizen of Delaware and Pennsylvania, the Parties are not citizens of the same state and complete diversity exists between all Parties. Removal of this action is proper consistent with U.S.C. § 1332(a)(1).

**B.      The Amount in Controversy Exceeds $75,000.**

14.     The allegations in Plaintiff's Complaint illustrate that the amount in controversy exceeds the $75,000 threshold. U.S.C. § 1446(c)(2)(A)-(B).

15.     The amount in controversy can be determined by the amount sought on the face of the state court petition. *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

16.     Here, Plaintiff's Complaint seeks damages in excess of "$500,000 but not more than $1,000,000." **Ex. A, ¶ 22.**

17.     While Allied Universal denies Plaintiff's allegations and disputes that Plaintiff is entitled to his requested relief, Allied Universal stipulates that the amount Plaintiff has placed in controversy exceeds the $75,000 threshold for purposes of removal without prejudice to any defenses it may assert. 28 U.S.C. § 1332(a).

**IV.     ALLIED UNIVERSAL SATISFIES ALL REQUIREMENTS OF 28 U.S.C. § 1446.**

29.     **Removal is timely**. Allied Universal filed this Notice of Removal within thirty days of service of Plaintiff's Complaint. Allied Universal was served with Plaintiff's Complaint on February 6, 2024, and the deadline to file this Notice of Removal is March 7, 2024. 28 U.S.C. § 1446(b).

30.     **Removal to this Court is proper**. Plaintiff's Complaint was filed in the Bexar County District Court of Texas, which is located within the San Antonio Division of the United States District Court for the Western District of Texas.

31.     **All pleadings and process in the State Court Action have been submitted with this Notice of Removal**. Other than the State Court Action submitted with the Notice of Removal, Allied Universal is not aware of any other pleadings, process, orders, or other papers in this case that have been filed, served, or received by Allied Universal.

32.     **Notice has been provided to all parties and the State Court**. Allied Universal filed a copy of this Notice of Removal with the clerk of the State Court and is serving a copy on Plaintiff consistent with 28 U.S.C. § 1446(d)..

Consequently, this action is properly removed from the Bexar County District Court of Texas to this Court for all further proceedings.

Dated: March 4, 2024.

/s/ Kelly Eisenlohr-Moul
Kelly Eisenlohr-Moul
MARTENSON, HASBROUCK & SIMON LLP
500 Davis Street, Suite 1003
Evanston, IL 60201
P: (224) 350-3124
Keisenlohr-moul@martensonlaw.com

Brendan Sullivan (*pro hac vice forthcoming*)
Kristyn L. Hardy (*pro hac vice forthcoming*)
MARTENSON, HASBROUCK & SIMON LLP
2573 Apple Valley Road NE
Atlanta, Georgia 30319
P: (404) 909-8100
Bsullivan@martensonlaw.com
khardy@martnesonlaw.com

***Attorneys for Defendant Universal Protection Service, LP d/b/a Allied Universal***

4

## CERTIFICATE OF SERVICE

I certify that on this 4th day of March, 2024, I filed this Notice of Removal using this Court's CM/ECF System, which will automatically notify all parties or counsel of record, and served a copy of the foregoing on the following parties via First Class Mail:

Christopher J. McKinney
THE MCKINNEY LAW FIRM, P.C.
21022 Gathering Oak
San Antonio, Texas 78260
chris@themckinneylawfirm.com


*/s/ Kelly Eisenlohr-Moul*
Kelly Eisenlohr-Moul